CASE 93—PETITION EQUITY—NOVEMBER 26.

| 93 | 519 |
| 114 | 970 |

# Cocanougher v. Green.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

SPECIFIC EXECUTION OF A CONTRACT IN EQUITY IS A MATTER NOT OF ABSOLUTE RIGHT IN EITHER PARTY, but of sound and reasonable discretion in the court, and will never be adjudged unless it is strictly equitable to do so. And although an action for specific execution of a contract in writing is not barred by the statute of limitation before expiration of fifteen years, nevertheless a party may be guilty of such conduct or laches as to make it inequitable and unjust to grant him relief, or as amounts to a discharge or abandonment of the contract or to an equitable estoppel. And as a general rule he can not maintain such an action at any time without showing he has been in no default, and has taken all proper steps toward performance on his part.

In this action by a vendee for specific execution of a contract entered into nearly fifteen years previously and practically abandoned by him for that length of time, without any legal or equitable excuse for such long delay, and without allegation or proof that he is now or ever has been ready, able or willing to perform his part of the contract, the plaintiff is not entitled to the relief sought.

W. C. McCHORD FOR APPELLANTS.

1. The action was prematurely tried during the unavoidable absence of appellants' attorney.

2. A long delay of payment of the balance of the consideration of a contract if attended with palliating circumstances will not, *per se*, furnish grounds for refusing specific execution, but reasonable time will be allowed in which payment is to be made. (Logan v. McChord, 2 Litt., 224.)

JOHN W. LEWIS FOR APPELLEE.

1. In actions for specific performance, where the covenants on the part

Cocanougher v. Green.

of the defendant are to be performed concurrently with or subsequent to the covenants on the part of the plaintiff, the plaintiff must aver a performance or readiness to perform on his part. (Luckett v. Moore, 4 Bibb, 205; Cleaveland v. Moore, 9 B. M., 380; McCall v. Welsh, 3 Bibb, 289; Baker, &c., v. Le Grand, Litt. Sel. Cases, 253; Chandler v. Robertson, 9 Dana, 296; McChord v. Tomlin, 3 Dana, 144; Hawley v. Mason, 4 Dana, 34; Spriggs v. Albin, 6 J. J. Mar., 161, 162; Jones v. Noble, 3 Bush, 697; Stone v. First Nat. Bank, 4 Ky. Law Rep., 438.)

2. Written contracts can be altered or modified by a subsequent parol agreement entered into by the parties, although containing a stipulation that they can not be altered or modified except in writing. (3 Ky. Law Rep., 162, 163; 4 Ky. Law Rep., 438.)

3. Appellants' action is really an action for relief from alleged fraud, and is barred by the statute of limitations pleaded in the answer. (Gen. Stats., chap. 71, art. 3, sec. 6.)

4. There was no error in refusing a continuance. (Stephens v. Commonwealth, 9 Ky. Law Rep., 742; Ellis v. Commonwealth, *Idem*, 824; Ison v. Ison, 10 Ky. Law Rep., 38; Reed v. Ingalls, *Idem*, 195.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

February, 1872, C. C. Cocanougher conveyed to trustees for benefit of creditors, all his personal property not exempt from execution, and a tract containing about three hundred and eight acres of land; there being, however, excepted his homestead and dower right of his wife Lucinda.

In April his creditors agreed that she should receive in satisfaction of her dower right, then relinquished, the excess of what the personal property might sell for above amount it was appraised at, which turned out to be about seven hundred and eighty-two dollars. And there was some sort of agreement whereby he was to receive in satisfaction of his homestead right amount of profit that might be realized by resale of certain property purchased at the assignee's sale by persons acting in his interest.

Under judgment in favor of the trustees the tract of

land was, October 4, 1872, sold, Sidney Green becoming the purchaser, at the price of nine thousand nine hundred dollars, for which he executed two sale bonds of equal amount, bearing interest from date, and payable in one and two years.

October 31, 1872, a written contract was made between Green of one, and C. C. and Lucinda Cocanougher of the other part, by which it was agreed that if they, or any one for them, paid the sale bonds executed by him as they respectively fell due, and also balance of the debt due to him from C. C. Cocanougher that might be left after deducting therefrom his *pro rata* share of estate in hands of the trustees, he would re-convey the land to C. C. Cocanougher, or to any person to whom he directed it conveyed. It was further agreed that, toward payment for the land, they were to transfer to him whatever money they would be entitled to on account of the relinquishment of their homestead and dower rights; and it was recited in the contract they had that day given orders therefor on persons who had purchased personal property at the assignee's sale.

This action was instituted by C. C. and Lucinda Cocanougher April 21, 1889, for specific performance of that contract to the extent of requiring Green to convey to Lucinda one hundred and fifteen acres of the land, one hundred and eighty-nine acres thereof having, in October 1887, been sold and conveyed by him to another person. And judgment is asked also for two thousand dollars, alleged to have been paid by them to, or received by him, in excess of the agreed price of the land.

The first ground made in brief of counsel for reversal of the judgment dismissing the action is, that the lower

court improperly overruled the motion of appellants for a continuance.

It seems the principal part of the property, profit on resale of which was relied upon by appellant C. C. Cocanougher, to pay off the sale bonds executed by appellee Green, consisted of horses and mules sent to the southern market. And one of the questions of fact involved is, how much, if any, profit was realized from that venture and paid by those making sale of the stock to appellee. It was also made a question whether he received any part of the sum of seven hundred and eighty-two dollars payable to Lucinda.

The additional evidence it was the object of the continuance to procure, as disclosed by the affidavit filed, bears directly upon these two issues, and would tend to support the allegations of the petition. But it is needless to consider that ground of reversal until we determine the action could be maintained with such additional evidence before us.

Specific execution of a contract in equity is a matter not of absolute right in either party, but of sound and reasonable discretion in the court, and will never be adjudged except it is strictly equitable to do so. Story's Equity, 742. For although an action for specific execution of a contract in writing is not barred by the statute of limitation before expiration of fifteen years, nevertheless a party may be guilty of such conduct or laches as to make it inequitable and unjust to grant to him relief, or as amounts to a discharge or abandonment of the contract, or to an equitable estoppel. And as a general rule he can not maintain such action, at any time, without showing he has been in

no default and has taken all proper steps toward performance on his part.

It does not appear that appellants, at date of the contract, had or relied on any other means to pay off the two sale bonds as they fell due, except said sum of seven hundred and eighty-two dollars, agreed by the creditors to be paid to Lucinda for her dower right, and the amount of expected profits on sale of the horses and mules sent south, not alleged or proved to much exceed three thousand dollars. It is, however, admitted by C. C. Cocanougher, that accepting as true the statement or representation of appellee, confirmed by his own agent and attorney, that no profit had been made on sale of the horses and mules, he abandoned the contract, and in 1873 leased the land from appellee, agreeing to pay rent therefor; and so continued in the attitude of tenant instead of purchaser until 1877, when he voluntarily removed from it. It further appears that the sale in 1877, and receipt by appellee of purchase price of all the land except one hundred and fifteen acres now in controversy, was at the time known to and acquiesced in and is not even now complained of by appellants.

It is however alleged in the petition as an excuse for abandoning the contract and long acquiescence in the claim and exercise of ownership of the land by appellee, that he combined with the agent and attorney of appellant C. C. Cocanougher, to misrepresent and deceive him in respect to profit on sale of the horses and mules actually made and received by appellee. But as such fraudulent misrepresentation was made, if at all, in 1873, it seems to us it can not now be pleaded as an excuse for the long delay in bringing this action; for section 6, article

3, chapter 71 General Statutes, provides that no action for relief for fraud shall be brought ten years after time of perpetration of the fraud. We thus have the case of a vendee bringing an action for specific execution of a contract, entered into nearly fifteen years previously, and practically abandoned by him almost the same length of time, without any legal or equitable excuse for such long delay. Moreover, it is not alleged or proved that the plaintiffs are now or ever have been ready, able and willing to perform their part of the contract. For, conceding that profit on the horses and mules was actually made and paid to appellee, still the amount thereof, according to the estimate of appellants, even when added to the sum of seven hundred and eighty-two dollars, fell short of paying the sale bonds and amount of C. C. Cocanougher's indebtedness to appellee, shown to be about one thousand three hundred dollars; in fact the resources relied on by them were not sufficient to pay the first of the sale bonds falling due. And it is not alleged that the purchase price of the land had been or could be paid except by charging appellee with rent of the land for more than fourteen years, during which period it was with the knowledge and consent of appellants claimed and used by appellee as his own, and part of the time occupied by them as tenants. Appellee might, upon failure of appellants to meet and pay off the sale bonds as they contracted to do, have enforced his lien upon the land for satisfaction of the entire purchase price. But he could not have maintained such action at any time after abandonment of the contract by appellants, which this record makes very plain he consented and agreed to. And if he, after such agreement, could not have enforced

collection of the purchase price, certainly appellants ought not to be permitted, after a delay of nearly fifteen years, to enforce execution of the contract, especially when it does not appear they were ever able or offered to perform their part of it in the manner contemplated.

It seems to us the essential grounds for relief in this case are wanting, and the judgment is therefore affirmed.