BRYAN et al. v. BARRIGER et al.

(District Court, W. D. Kentucky, at Bowling Green.    May 31, 1918.)

1. REMOVAL OF CAUSES ⬚⮞111—REMAND—MOTION TO QUASH.
    Where a suit, begun in state court and removed to the federal court, is found to be without the jurisdiction of that tribunal, so that it must be remanded, the federal court has no jurisdiction to dispose of motions to quash service of summons.

2. COURTS ⬚⮞365—FEDERAL COURTS—PRECEDENTS.
    A decision of the state court, construing the federal Constitution, is not binding on the national court sitting within such state.

3. REMOVAL OF CAUSES ⬚⮞79(2)—TIME OF REMOVAL—WAIVER OF OBJECTIONS.
    Though defendant did not actually file his petition for removal at or before the time fixed for answering by the Kentucky Statutes, as required by Judicial Code, § 29 (Comp. St. 1916, § 1011), yet, as plaintiffs' counsel agreed that the petition should be treated as filed, and time for answering had expired, any objection is waived.

4. SPECIFIC PERFORMANCE ⬚⮞106(4)—PARTIES—PROPER PARTIES.
    Ordinarily none but those who join in the contract need be made parties to a suit for specific performance; but where land is incumbered, and the contract calls for title free from incumbrances it is within the discretion of the trial court to permit or direct that the lienholders be joined.

5. REMOVAL OF CAUSES ⬚⮞49(2)—SEPARABLE CONTROVERSIES.
    Where defendant, a resident of New York, contracted to convey lands located in Kentucky, he cannot, suit having been instituted in the Kentucky state courts, and the holders of incumbrances, who were citizens of that state, made parties defendant, remove the cause to the federal court on the ground of separable controversy, for the incumbrancers were proper parties, and a defendant has no right to say that an action shall be several which a plaintiff elects to make joint.

In Equity.    Suit by J. M. Bryan and others against D. S. Barriger and others, begun in the state court and removed to the federal court. On plaintiff's motion to remand, together with the motion of the named defendant to quash the service of summons.    Motion to remand granted, and motion to quash dismissed.

Sims, Rodes & Sims, of Bowling Green, Ky., for plaintiffs.
Bruce & Bullitt, of Louisville, Ky., for defendants.

WALTER EVANS, District Judge.    [1] The plaintiffs have moved the court to remand this action to the Simpson circuit court, in which it was commenced, upon the grounds, first, that the petition for its removal to this court was filed by defendant Barriger too late to entitle him to take that step; and, second, because, while it may be true that he is a citizen of New York, his codefendants are citizens of Kentucky, and are necessary parties to the action for the relief sought by plaintiffs.    The defendant Barriger has moved the court to quash the return of the sheriff on the summons issued on plaintiffs' original petition, and also that on the summons issued on an amended petition thereafter filed, upon the ground that neither of those writs was served on him in person, but that the first of them was served on George C. Harris, alleged then to have been his agent in Kentucky, and the second of them on Eugene Porter, alleged then

───────────────────────────────────────────────
⬚⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to have been his agent there. All these motions were argued at the same time; but, if it should turn out that we have not acquired jurisdiction of the case, that situation would necessarily prevent any action upon the motions to quash. Hence the need of first ascertaining whether we have acquired jurisdiction of the action by a proper removal thereof from the state court.

[2] Preliminarily, however, it may be well to state that the service on the persons alleged to have been Barriger's agents was based on the provisions of subsection 6 of section 51 of the Kentucky Civil Code of Practice, which provides that:

"In actions against an individual residing in another state, or a partnership, association, or joint-stock company, the members of which reside in another state, engaged in business in this state, the summons may be served on the manager, or agent of, or person in charge of, such business in this state, in the county where the business is carried on, or in the county where the cause of action occurred."

In Moredock v. Kirby (C. C.) 118 Fed. 180, we had occasion to consider whether, in actions not strictly in rem, these provisions were violative of the Constitution of the United States, and reached the conclusion that they were. This conclusion is strongly supported by the opinion of the Circuit Court of Appeals of the Eighth Circuit in Cella Commission Co. v. Bohlinger, 147 Fed. 419, 78 C. C. A. 467, 8 L. R. A. (N. S.) 537. A decision of the Court of Appeals of Kentucky to the contrary is not binding on the federal courts, inasmuch as a construction of the Constitution of the United States was involved.

[3] In considering the motion to remand, we find that the action was commenced by the filing of plaintiffs' petition on October 22, 1917, on which day also a summons was duly issued against the defendants returnable ten days thereafter. On November 16th the plaintiffs filed an amended petition upon which at the same time a summons was issued returnable 10 days thereafter. Under sections 102 and 367a, clause 10, of the Code of Practice, the answer of the defendants, if served with process, was due on the first or else on the third day of the next succeeding term of the court. That term, as counsel agree, began on March 4, 1918. Passing the question of whether the summons had been properly served on Barriger, the record shows that on the 23d day of November, 1917, the clerk, under section 58 of the Code of Practice, entered the following warning order:

"It appearing from the petition that D. S. Barriger is a nonresident of the state of Kentucky, it is ordered that John S. Milliken, a regular practicing attorney at this bar, is hereby appointed to notify the defendant D. S. Barriger of the nature and pendency of this suit, and warn him to answer in 30 days after the entry of this order."

Under section 60 of the Code of Practice Barriger was deemed to have been constructively summoned on the thirtieth day thereafter, and the answer of Barriger was due to be filed on the first or on the third day of the then next term of the Simpson circuit court, which began on Monday, March 4, 1918—that is to say, not later than on March

6th. On March 4, 1918, the plaintiffs' attorney, G. W. Roark, accepted notice given by Barriger to the effect that on the 9th day of March, 1918, he would tender and move for leave to file the petition for removal. On March 8, 1918, an order was entered in these words:

"Came defendant, by attorney, and filed his petition for removal herein."

This petition was that of D. S. Barriger alone. On the 20th day of March, 1918, the following order was entered:

"It is agreed by the plaintiffs and defendants hereto, by attorneys, that the petition for removal to the federal court, filed herein in open court on March 8, 1918, shall be treated as filed upon the first day of the present March term of the Simpson circuit court."

On the same day an order of the court was entered in this language:

"Came the defendant D. S. Barriger, and tendered a bond for the removal of the above cause to the District Court of the United States for the Western District of Kentucky, with the United States Fidelity & Guaranty Company as surety, and moved the court to examine and approve the same, which is accordingly done."

Section 29 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [Comp. St. 1916, § 1011]) provides in substance that a party entitled to remove a case may make and file a duly verified petition in such suit in the state court "at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which the suit is brought, to answer or plead to the declaration of complaint of the plaintiff for the removal of such suit into the District Court * * * and shall make and file therewith a bond, with good and sufficient surety," for his entering a copy of the record in the District Court within 30 days thereafter.

In Powers v. C. & O. Ry. Co., 169 U. S. 92, 98, 18 Sup. Ct. 264, 266, [42 L. Ed. 673], the Supreme Court said that undoubtedly, when a case is a removable one, the defendant should file his petition for removal at or before the time when he is required by the law or practice of the state to make any defense. However, in that opinion the court had also said:

"But the time of filing a petition for removal is not essential to the jurisdiction; the provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel. Ayers v. Watson, 113 U. S. 594, 597–599 [5 Sup. Ct. 641, 28 L. Ed. 1093]; Northern Pacific Railroad v. Austin, 135 U. S. 315, 318 [10 Sup. Ct. 758, 34 L. Ed. 218]; Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 688–691 [14 Sup. Ct. 533, 38 L. Ed. 311]; Connell v. Smiley, 156 U. S. 335 [15 Sup. Ct. 353, 39 L. Ed. 443]."

The agreed order and the order filing the bond for removal were entered on the same day, and as we can conceive of no object nor motive for the agreed order other than as one bearing upon the time of petitioning for the removal of the case, we are constrained to the conclusion that we must hold that the plaintiff was thereby estopped from claiming that the petition for removal was not filed in time.

[4, 5] As the record shows, there were three defendants, namely, Barriger, a citizen of New York, and John Tarrants and the Mc-

Elwain-Meguiar Bank & Trust Company, both citizens of Kentucky. We think we may regard Tarrants as a mere formal party and dismiss him from further consideration. The suit is in equity, and seeks a decree for the specific performance of a contract for the conveyance of certain real estate in Simpson county. The contract, which is in writing, is set forth in plaintiffs' petition, and shows clearly that Barriger agreed to convey to the plaintiffs 227½ acres of land for the price of $60 per acre—one-third payable in cash and the other two-thirds in one and two years thereafter, in equal installments, with interest from date, and for which notes were to be executed. The plaintiffs averred their readiness, willingness, and ability to make the necessary cash payments and to execute the notes for the deferred payments. These payments and notes were to cover the entire consideration, and in case of a previous partition of the land between the three purchasers, as provided for in the contract, notes were to be given by the individual purchasers for the proportionate part of the purchase money which each would owe. The petition, however, avers that the McElwain-Meguiar Bank & Trust Company (which we shall call the Trust Company) has a lien, created by Barriger, upon the land. The contract on which the suit is based made no provision for that contingency, and if very strictly construed it might require the full payment of one-third of the price in cash and also notes to the plaintiffs for the entire balance of the purchase money regardless of the lien—clearly an inequitable result.

Ordinarily none but those who join in the contract need be made parties to a suit for its specific performance. Nevertheless the court can exercise a reasonable discretion in granting relief in such cases (Cocanougher v. Green, 93 Ky. 522, 20 S. W. 542; Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501), and, as a contract such as the one sued upon necessarily demands the conveyance of a title free of liens, the court, in order to an intelligent understanding of what will be a proper exercise of its discretion, may permit or require the presence of the lienholder as a party to the action and ascertain the amount of the lien, so as to enable it to adjudge how much reduction should be made on that account in fixing the amount for which the plaintiffs should jointly or severally give notes to the defendant for the unpaid balance of purchase money. That this is what the plaintiffs seek is manifest from their petition.

The defendant who made the contract is a citizen of New York, but the Trust Company, the defendant which has a lien created by Barriger, is, like the plaintiffs, a citizen of Kentucky, and the question upon which our decision of the motion to remand must turn is whether the joinder of that defendant should prevent the removal. In this connection it may be remarked that the petition for removal makes no charge of fraudulent joinder, but claims that the controversy between the plaintiffs and the defendant Barriger is separable from that between the plaintiffs and the Trust Company, and that the Trust Company is not a necessary party to the controversy between the plaintiffs and Barriger. It is quite obvious, however, that plaintiffs have no controversy with the Trust Company, except through the lien created

by Barriger, and which stands in the way of the latter in conveying an unincumbered title to the plaintiffs.

It has become the established construction of removal statutes that:

"A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. Smith v. Rines, 2 Sumn. 338, Fed. Cas. No. 13,100. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." Louisville & Nashville R. R. Co. v. Ide, 114 U. S. 52, 56, 5 Sup. Ct. 735, 29 L. Ed. 63.

See, also, many other cases, notably Powers v. Chesapeake & Ohio R. R. Co., 169 U. S. at page 97, 18 Sup. Ct. 264, 42 L. Ed. 673.

In such a situation, and in view of the authorities cited, we must hold that the plaintiffs were entitled to sue in the state court for all the relief they seek, and in their one suit to set up their claim to have the amount of the Trust Company's lien ascertained, and provision made in any decree which might be entered either for the liquidation of that lien or for a reduction of the amount for which notes should be given—either one or both—as equity might demand, and therefore that the Trust Company is a proper, and indeed a necessary, party to the controversy between the plaintiffs and Barriger. At all events, from the standpoint of the removal statute, it seems clear that the plaintiffs had the right to give their suit that perfectly legitimate aspect.

Without going into any further discussion of the question, we have reached the conclusion that the controversy between the plaintiffs and the defendants, as disclosed in the plaintiffs' petition, is not a separable one within the meaning of the statute, and therefore the fact that the Trust Company is a citizen of Kentucky must prevent the removal of the action to this court.

The motion to remand must be sustained, and this result takes it out of our power to pass upon the motion to quash the return on the summons. A decree will be entered accordingly.