MARTINEZ v. SANCHO, Treasurer.

No. 3505.

Circuit Court of Appeals, First Circuit.

Jan. 10, 1940.

F. Fernandez Cuyar and Carlos D. Vazquez, both of San Juan, P. R., for appellant.

William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, of San Juan, P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellees.

Before WILSON and MAGRUDER, Circuit Judges, and McLELLAN, District Judge.

PER CURIAM.

The plaintiff, appellant, bought a farm on which taxes for prior years had not been paid. Concededly when he bought the land, it was subject to a lien for the unpaid taxes for the current year and the three prior years, this by virtue of legislation by the Puerto Rican Legislature. Later, the defendants caused the property to be attached for these prior taxes and other taxes on the farm. Having paid or tendering taxes which had not become more than three years old at the time of the attachment, the appellant sought an injunction against the attachment and sale of the land for the older taxes. Such an injunction against the defendants was obtained in the District Court. The Supreme Court of Puerto Rico reversed the District Court and dismissed the complaint.

The basic question was and is one involving local laws and the construction of statutes enacted by the Insular Legislature. No provision of the Constitution of the United States, no Act of the Congress,

no Treaty was discussed or considered by the Supreme Court of Puerto Rico. None of these is directly involved in this appeal. There is no substantial Federal question to support our jurisdiction. The amount of the taxes here at issue is less than two hundred dollars. The value in controversy is far less than the jurisdictional $5,000. Our right to hear and determine the appeal rests upon the provisions contained in U.S.Code, Title 28, Section 225, 28 U.S.C.A. § 225, reading, so far as here applicable, as follows:

"§ 225. Appellate jurisdiction.

"(a) Review of final decisions. The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions.

\* \* \*

"Fourth. In the Supreme Courts of the Territory of Hawaii and of Puerto Rico, in all cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interests and costs, exceeds $5,000, and in all habeas corpus proceedings."

The case at bar is not within the statute.

The appeal is dismissed for want of jurisdiction.