RAMOS, Mayor, v. LEAHY, Governor of Puerto Rico.

No. 3582.

Circuit Court of Appeals, First Circuit.

May 23, 1940.

F. Fernandez Cuyar, of San Juan, P. R., for appellant.

William Cattron Rigby, of Washington, D. C. (George A. Malcolm, Atty. Gen. of Puerto Rico and Nathan R. Margold, Solicitor for Department of the Interior, of Washington, D. C., of counsel), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and PETERS, District Judge.

PER CURIAM.

Our appellate jurisdiction is invoked under 28 U.S.C.A. § 225 allowing appeals from the Supreme Court of Puerto Rico in all civil cases "wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved".

In accordance with the procedure set forth in Act No. 98 of the Legislature of Puerto Rico, approved May 15, 1931 (Laws of Puerto Rico, 1931, at page 608), the Governor of Puerto Rico filed with the Municipal Assembly of Manati formal charges against the present appellant, the mayor of that municipality. The Assembly held a hearing on the charges and resolved that the mayor be exonerated of guilt of the charges preferred. Thereupon the Governor prosecuted an appeal to the Supreme Court of Puerto Rico as provided by law. The opinion of the Supreme Court consisted entirely of a review of the evidence taken at the hearing before the Assembly. It stated: "Since the mayor has been acquitted of these charges by the municipal assembly—and since the removal of a public official for official misconduct, especially for misconduct involving moral turpitude is a serious matter—we prefer to base our decision on other grounds." Assuming that the Assembly was justified in finding that moral turpitude was not established beyond a reasonable doubt, the court considered that the irregularities in the handling of public funds, as dis-

closed by the evidence taken on the charges preferred, were serious enough to warrant the removal of the mayor from office. Accordingly, the court decreed that the order of the Municipal Assembly be reversed and that the appellant be removed from office. This is the judgment appealed from.

Appellant filed before the Supreme Court of Puerto Rico a motion for reconsideration. The burden of this motion was that, as properly construed, the gist of the charges upon which the mayor was tried before the Assembly was not that he was guilty merely of fiscal irregularities but rather that he was guilty of fraud, embezzlement and criminal conduct; that the court was therefore in error in decreeing his removal from office for the reasons assigned. Nowhere in the motion for reconsideration did appellant invoke any provisions of the Constitution or a statute or treaty of the United States or any authority exercised thereunder. The motion for reconsideration was denied, without opinion.

By his assignments of error appellant now seeks to claim that the judgment below deprived him of due process of law in violation of Section 2 of the Organic Act, 39 Stat. 951, 48 U.S.C.A. § 737; that the judgment below was void for lack of jurisdiction because the appeal from the Municipal Assembly to the Supreme Court was not prosecuted within the time prescribed by law; and further that the act of the Puerto Rico legislature prescribing the removal procedure was in violation of Sections 2, 25, 40 and 49 of the Organic Act, 48 U.S.C.A. §§ 737, 811, 861, 873, "in that an unlawful attempt has been made by the Legislature to clothe a subordinate legislative body with judicial powers, exercisable only by the judicial branch of the Government".

Appellee moves to dismiss the appeal. This motion must be granted because from the record before us it does not appear that any properly presented federal question was raised below or considered by the court in rendering its opinion and judgment. Martinez v. Sancho, 1 Cir., 108 F.2d 960. It is not enough that a federal question be "lurking in the record".

The appeal is dismissed for want of jurisdiction.