## WARNER v. TERRITORY OF HAWAII.
### No. 13448.

United States Court of Appeals
Ninth Circuit.

Sept. 4, 1953.

Moon Chan, Honolulu, Hawaii, for appellant.

Robert E. St. Sure, Public Prosecutor of City and County of Honolulu, Honolulu, Hawaii, for appellee.

Before MATHEWS and ORR, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

Appellant was convicted in the Circuit Court of the Territory of Hawaii of five separate offenses of inducing, compelling or procuring one "Gertrude * * * to practice prostitution * * *." § 11676, Revised Laws of Hawaii (1945), as amend-

ed by Act 26, Session Laws of Hawaii (1949) p. 597; see Territory v. Tam, 1942, 36 Haw. 32.

The trial court imposed a term of imprisonment for each offense and ordered that the sentences be served concurrently. The Supreme Court of the Territory of Hawaii affirmed the judgment. Territory v. Warner, 1952, 39 Haw. 386. Appellant now presents his appeal to this court.

■ The threshold issue in every case in the federal courts is the issue of jurisdiction. Mansfield, C. & L. M. Railway Co. v. Swan, 1884, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L.Ed. 462; Brown v. Keene, 1834, 8 Pet. 112, 33 U.S. 112, 8 L.Ed. 885. "This question the court is bound to ask and answer for itself, even when not otherwise suggested * * *." Mansfield, C. & L. M. Railway Co. v. Swan, supra, 111 U.S. at page 382, 4 S.Ct. at page 511.

The Congress has conferred upon this court jurisdiction of appeals from final decisions of the Supreme Court of Hawaii in cases "involving the Constitution, laws or treaties of the United States or any authority exercised thereunder * * *." 28 U.S.C. § 1293.

■ That prerequisite to appellate jurisdiction has long been construed to require that the federal question involved in the case be substantial. See: Fukunaga v. Territory of Hawaii, 9 Cir., 1929, 33 F.2d 396; Kimbrel v. Territory of Hawaii, 9 Cir., 1930, 41 F.2d 740; Young v. Territory of Hawaii, 9 Cir., 1947, 160 F.2d 289, certiorari denied, 1947, 331 U.S. 849, 67 S.Ct. 1736, 91 L.Ed. 1858.

The federal question essential to appellate jurisdiction must moreover be first raised below and timely presented for consideration by the Supreme Court of the Territory. Prensa Insular, etc., v. People of Puerto Rico, 1 Cir., 1951, 189 F.2d 1019; Romero v. People of Puerto Rico, 1 Cir., 1950, 182 F.2d 864, 867-868; Ramos v. Leahy, 1 Cir., 1940, 111 F.2d 955; Martinez v. Sancho, 1 Cir., 1940, 108 F.2d 960.

Appellant's only contention upon this appeal is that there was no evidence "to sustain an essential element of the charge, namely, that appellant did induce, compel and procure Gertrude * * * to practice prostitution * * * as charged in the indictment."

■ In other words, upon the claimed ground that the evidence is not sufficient to sustain the verdict, appellant seeks reversal here of his conviction in the territorial courts. That is patently "a question of general [local] law, and does not involve either the Constitution or laws of the United States." Kimbrel v. Territory of Hawaii, supra, 41 F.2d at page 741; Romero v. People of Puerto Rico, supra, 182 F.2d at page 870; cf. Palakiko v. Territory of Hawaii, 9 Cir., 1951, 188 F.2d 54.

■ Clearly then, the appeal is not within the jurisdiction of this court. See Bailey v. Central Vermont Ry., 1943, 319 U.S. 350, 355-356, 63 S.Ct. 1062, 87 L.Ed. 1444. If it were, we should dismiss it as frivolous.

Appeal dismissed for lack of jurisdiction.