**Archie Q. ADAMS, doing business as Cal-Ore Asbestos Company, Plaintiff,**

v.

**RALPH L. SMITH LUMBER COMPANY, a Missouri Corporation, Defendant.**

**Civ. No. 7957.**

United States District Court
N. D. California, N. D.
March 18, 1960.

Mark M. Brawman, Yreka, Cal., and Alf M. Jacobsen, Cathlamet, Wash., for plaintiff.

Webster V. Clark, Lawrence W. Jordan, Jr., Bernard P. McCullough, and Rogers & Clark, San Francisco, Cal., for defendant.

HALBERT, District Judge.

This is an action arising out of controversies over a leasing agreement. The action was originally instituted in the Superior Court of the State of California, in and for the County of Siskiyou. Defendant filed a petition to have the case removed to this Court on the ground of diversity of citizenship with the requisite jurisdictional amount involved (Title 28 U.S.C. § 1332 and § 1441). Plaintiff is a citizen of California. The petition for removal states that defendant was incorporated and operates under the laws of Missouri, and is a citizen of that State. Neither the petition for removal, nor any other document in the file at the time said petition was filed, contains any statement as to the location of defendant's principal place of business.

After some proceedings in this Court, including the filing of an amended complaint, and an answer thereto, plaintiff moved this Court to remand the case to the State Court on the ground that defendant has its principal place of business in Anderson, California, and is, therefore, a citizen of California, so far as this litigation is concerned.

By way of response to plaintiff's contention, defendant now asserts that its principal place of business is in Missouri, and that plaintiff has, in fact, waived his right to have the case remanded.

■ The threshold question in every case in the Federal Courts is jurisdiction. The Courts will raise the issue of jurisdiction on their own motion, and this they must do even though it is not raised by the parties (Warner v. Territory of Hawaii, 9 Cir., 206 F.2d 851). Jurisdiction is conferred on this Court solely by statute. There is no presumption of jurisdiction in the Federal Courts (Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444 and United States v. Green, 9 Cir., 107 F.2d 19), and it may not be conferred by consent or waiver of the parties. There can be no waiver of the right to move to remand, but, to the contrary, the Court must of its own motion remand any case which it discovers to have been removed without jurisdiction (Roseberry v. Fredell, D.C., 174 F.Supp. 937).

■ As the record, at the time of the petition for removal, did not state the location of defendant's principal place of business, there was no short and plain statement of the facts entitling defendant to removal. The record was therefore inadequate to invoke the jurisdiction of this Court (Title 28 U.S.C. § 1332(c) and § 1446(a); Roseberry v. Fredell, supra; Washington-East Washington Joint Authority v. Roberts & Schaefer Co., D.C., 180 F.Supp. 15; and Browne v. Hartford Fire Ins. Co., D.C., 168 F.

Supp. 796). The motion to remand must therefore be granted.[1]

Under the circumstances which exist, it is unnecessary for this Court to decide the question of where defendant's principal place of business is in fact located.

It Is, Therefore, Ordered that this case be, and it is, hereby remanded to the Superior Court of the State of California, in and for the County of Siskiyou, for all further proceedings. The Clerk is directed to take any and all steps, and perform any and all acts, necessary to complete the transfer of this case in accordance with this order.

---

1. Defendant contends that plaintiff has himself invoked the jurisdiction of this Court by his amended complaint. The complaint does not contain any statement as to the principal place of business of defendant, or the citizenship of defendant. It is therefore inadequate to invoke the jurisdiction of this Court. If the complaint as amended had been originally filed in this Court, it would have been the duty of the Court to dismiss it, on the Court's own initiative, when it discovered the lack of jurisdictional allegations (See: Warner v. Territory of Hawaii, supra).