John T. PORTER, Plaintiff,

v.

SILMICA CORPORATION OF AMERICA, Defendant.

No. 1535.

United States District Court
E. D. Kentucky,
Lexington.
Jan. 29, 1964.

P. Joseph Clark, Jr., Danville, Ky., for plaintiff.

Thomas B. Givhan, Shepherdsville, Ky., Miller, Griffin & Marks, Lexington, Ky., for defendant.

HIRAM CHURCH FORD, Senior District Judge.

This case is submitted for judgment upon the plaintiff's motion to remand the case to the Circuit Court of Boyle County, Kentucky, from which it was removed, upon the ground that the petition for removal was not timely filed.

The initial action setting forth the claim for relief was filed in the Boyle

Circuit Court on April 4, 1963. On May 10, 1963, the plaintiff filed an amended complaint, which merely added to its original complaint a claim for additional damages, but added nothing whatever to render the amendment a pleading "from which it may first be ascertained that the case was one which is or has become removable" under the provisions of the second paragraph of 28 U.S.C.A. § 1446 (b).

The defendant's petition for removal was filed May 27, 1963, and it is not disputed that it was filed considerably more than twenty days after service of summons with copy of the initial complaint. The service of summons with a copy of the initial complaint was received by the defendant on April 19, 1963.

The 1949 amendment to the statutory proceeding governing removal of actions, set out in 28 U.S.C.A. § 1446(b), provides that the petition for removal of a civil action or proceeding *shall* be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading and the summons setting forth the claim for relief upon which such action or proceeding is based. This amendment is quite different from the preceding statutory rule governing the time for filing a petition for removal. The previous statutory provision provided that the petition for removal might be filed any time before the defendant was required by the laws of the State or the rule of the State court to answer or plead to the complaint.

The contention of the defendant is that since after the removal proceedings numerous steps were taken in the action by agreement of the parties and that by such actions the plaintiff waived the right to move for or assert that the action should be remanded.

We may assume that at the time of amending the removal statute by adding the mandatory provision requiring that a petition for removal *shall* be filed within the twenty-day period, Congress was aware of the conflict of ruling under the old statute, and by the amendment it intended to achieve uniformity on a nation-wide basis as to the period within which petitions for removal should be filed. The elimination of State laws and rules of State courts, which formerly permitted flexibility of time within which to file petition for removal, appears convincing as to such objective. Dutton v. Moody, D.C., 104 F.Supp. 838, 840.

In support of his contention, the defendant relies upon Gerling v. Baltimore & O. R. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311, Bryan v. Barriger (D.C. W.D.Ky.), 251 F. 328, 330, Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673, and Marking v. New St. Louis & Calhoun Packet Co. (D.C.W.D.Ky.), 48 F.Supp. 680; but, examination of each of the above cases discloses that they were decided long before the enactment of section 1446(b) by the 1949 amendment and have no application here. Another case relied upon is Hamilton v. Hayes Freight Line (D.C. E.D.Ky.), 102 F.Supp. 594, which appears to have dealt with an entirely different state of facts and is not entirely in accord with the weight of authority upon the question here presented. That case involved a question of alleged fraud practiced by plaintiff which tended to mislead or obstruct the petitioner from filing his petition for removal within the twenty-day period, or to induce petitioner to delay filing its petition for more than four months thereafter. The Court sustained the motion to remand for the reason that the record showed nothing to constitute waiver or to indicate the alleged fraud was practiced by plaintiff within the twenty-day period after the filing of the original complaint.

In respect to the procedure after removal, the amendment of May 24, 1949, 28 U.S.C.A. § 1447(c) provides:

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, * *."

In Adams v. Ralph L. Smith Lumber Co. (1960), D.C., 181 F.Supp. 729, 730, the question of the duty of the Court in

the light of the above mentioned statute was considered and the Court said:

"The threshold question in every case in the Federal Courts is jurisdiction. The Courts will raise the issue of jurisdiction on their own motion, and this they must do even though it is not raised by the parties (Warner v. Territory of Hawaii, 9 Cir., 206 F.2d 851). Jurisdiction is conferred on this Court solely by statute. There is no presumption of jurisdiction in the Federal Courts (Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444 and United States v. Green, 9 Cir., 107 F.2d 19), *and it may not be conferred by consent or waiver of the parties.* There can be no waiver of the right to move to remand, but, to the contrary, the Court must of its own motion remand any case which it discovers to have been removed without jurisdiction (Roseberry v. Fredell, D.C., 174 F.Supp. 937)." (Italics added.)

In Peter Holding Co. v. Le Roy Foods, Inc. (1952), D.C., 107 F.Supp. 56, 57, the Court was confronted with the question here presented and said:

"Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period."

In Roseberry v. Fredell (1959), E.D. Ky., 174 F.Supp. 937, 939, 940, Judge Swinford said:

"The federal courts are obligated to accept jurisdiction in a proper case and must be careful to preserve that jurisdiction but they should be equally as careful to protect the jurisdiction of the state court in a case that is not removable. Where the question is doubtful, the district court should decline jurisdiction and remand the case."

On page 940, of 174 F.Supp., Judge Swinford further said:

"It is the policy of federal courts to construe removal statutes strictly and to resolve all doubts against the removal."

In Haelan Laboratories, Inc. v. Topps Chewing Gum, Inc. (1955), 131 F.Supp. 262–263, the Court said:

"Moreover, the provisions of Sec. 1447, Title 28 U.S.C.A., which regulates the procedure after removal, does not aid the defendants. Subdivision (c) provides that the district court shall remand the case:

" ' * * * if at any time before final judgment it appears that the case was removed improvidently and without jurisdiction'.

\* \* \* \* \*

"Sec. 1441, supra, is a complete bar to the exercise of jurisdiction in this action by this court. It was 'improvidently' removed.

"Accordingly the motion to remand is granted."

My further examination of the authorities on the point leads me to reaffirm the conclusion I stated in Sunbeam Corporation v. Brazin (1956), D.C., 138 F.Supp. 723, 725, as follows:

"The weight of authority on the point seems to be to the effect that the 20-day period prescribed by the present statute may not be varied by voluntary action nor excusable neglect on the part of counsel nor enlarged by the Court in the exercise of discretion. A petition for removal filed after the expiration of the 20-day period, referred to in the statute, is ineffectual to invoke the exercise of jurisdiction by the Federal Court to which removal is sought."

I am of the opinion that this case was removed improvidently and without jurisdiction, 28 U.S.C.A. § 1447(c).

For the reason stated, the plaintiff's motion to remand this case should be granted. An order will be entered in conformity herewith.