**W. H. ROSEBERRY, Senior, Administrator of the Estate of Bessie Roseberry, Deceased, Plaintiff,**

v.

**D. A. FREDELL, Haynie Menhaden Products, Inc., and Bickett Sharpe Motor Lines, Defendants.**

No. 447.

United States District Court
E. D. Kentucky,
Catlettsburg Division.
May 29, 1959.

H. R. Wilhoit, Grayson, Ky., G. B. Johnson, Jr., Ashland, Ky., for plaintiff.

Harry F. Riddle, C. Guthrie Yager, Ashland, Ky., for defendants, D. A. Fredell and Bickett Sharpe Motor Lines.

Howard VanAntwerp, III, Ashland, Ky., for defendant, Haynie Menhaden Products, Inc.

SWINFORD, District Judge.

This case is before the court on the plaintiff's motion to remand it to the state court. It is important to a decision on this motion to briefly review the history of this litigation.

The action was filed in the Carter County, Kentucky, Circuit Court on July 28, 1958. The summons was executed on August 5, 1958, and on August 22, 1958, the defendants filed "Petition for Removal of Cause". The issues were made up and the case proceeded to trial by jury. The trial was concluded and the jury returned a verdict for neither party. A judgment was signed and filed by the court on March 20, 1959, and stamped filed by the clerk on March 23, 1959. On March 23, 1959, the plaintiff filed a motion to set aside the verdict of the jury and to remand the action to the Carter Circuit Court. The motion prayed that proper orders of the court setting aside any and all previous orders in this case be entered. On March 31, 1959, the plaintiff filed an amended motion to remand and to set aside the verdict of the jury and the judgment rendered and all other orders made in this action.

To summarize the steps taken it is shown that no motion to remand or any attack upon the jurisdicion of the court was made by the plaintiff or any litigant until a final trial and verdict of the jury.

■ The motion to remand must be sustained on two grounds as it is clear that this court does not have jurisdiction of the action. The petition for removal does not conform to the requirements of the statute and is wholly inadequate to deny the jurisdiction of the state court and to invoke the jurisdiction of the federal court. The Carter Circuit Court had jurisdiction of the action and of the parties and that jurisdiction cannot be defeated or lost to the federal court without a strict compliance with the statutes which under certain well defined circumstances permit removal from the state court to the federal court. The federal court is a court of limited jurisdiction and can only acquire jurisdiction when it appears on the face of the record that the statutory requirements are present. The sole jurisdictional ground on which the defendants rely is diversity of citizenship, 28 U.S.C.A. § 1332(a) (1), and the provisions set forth in 28 U.S.C.A. § 1441.

The allegations of the petition for removal on which the defendants rely to show the necessary diversity of citizenship are:

"Plaintiff is a citizen of the State of Kentucky and defendant, D. A. Fredell is a citizen of the State of North Carolina, defendant, Bickett Sharpe Motor Lines is a Corporation, incorporated under the laws of the State of North Carolina and defendant, Haynie Menhaden Products, Inc. is a corporation, incorporated under the laws of the State of New Jersey."

This language does not purport to show the requisite diversity of citizenship at the time of the commencement of the action.

■ The federal courts are obligated to accept jurisdiction in a proper case and must be careful to preserve that jurisdiction but they should be equally as careful to protect the jurisdiction of the state court in a case that is not removable. Where the question is doubtful, the district court should decline jurisdiction and remand the case. Putterman v. Daveler, D.C., 169 F.Supp. 125.

■ The petition must show the citizenship of the parties at the time of the commencement of the action. A failure to so state is a fatal defect which cannot be corrected unless an offer to amend is made within the prescribed statutory period for the filing of a petition for removal. Crehore v. Ohio & Mississippi Railway Company, 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144; Mattingly v. Northwestern Virginia Railroad Co., 158 U.S. 53, 15 S.Ct. 725, 39 L.Ed. 894.

■ The defendants' motion for leave to amend the petition for removal can-

940

not be sustained since the petition for removal was in reality not a petition for removal because of its failure to allege jurisdictional facts and the amendment would have had to have been filed within the statutory time allowed for the filing of a petition for removal. Hernandez v. Watson Bros. Transportation Co., D.C., 165 F.Supp. 720.

28 U.S.C.A. § 1446(b) provides that a petition for removal of a civil action shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading or within twenty days after the service of summons upon the defendant. That period of time has long since expired and to permit an amendment beyond the limitation fixed would be to ignore the whole purpose of the statute.

■ 28 U.S.C.A. § 1653 provides that defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. That statute can avail nothing here since the petition for removal is entirely lacking in jurisdictional allegations. To permit an amendment would not be a cure of technical defects but the stating of original jurisdictional facts. Browne v. Hartford Fire Insurance Company, D.C.1959, 168 F. Supp. 796. This court had the same question before it in the case of Cline v. Belt, D.C., 43 F.Supp. 538. The opinion in that case is referred to and adopted as a part of this memorandum.

An amendment to 28 U.S.C.A. § 1332 became effective on July 25, 1958. It provided under subsection (c) that "for the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business". This action was filed on July 28, 1958, which was three days after the amendment to Sec. 1332 became effective, but the petition for removal does not pretend to allege that the State of Kentucky is not the state where the defendant corporations have their principal place of business.

■ The provisions of 28 U.S.C.A. § 1446 require the petition to contain a short and plain statement of the facts which entitle the petitioner to removal. Since, under the 1958 amendment, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business, the petition, if it is to meet the test of clarity, must allege that the state of the forum is not the state where the corporation has its principal place of business.

■ The defendants state in their brief that "it is clear from all the Federal authorities that a motion to remand after proceeding to trial on the merits without protest must be overruled." I cannot agree with this statement and think it is contrary to the well established principle that where a court has never had jurisdiction of an action, the question can be made at any time, even in the appellate court. Mattingly v. Northwestern Virginia Railroad Co., supra; Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103.

■ It is the policy of federal courts to construe removal statutes strictly and to resolve all doubts against the removal. The courts have been very particular in requiring a distinct statement of citizenship in order to sustain the jurisdiction. Browne v. Hartford Fire Insurance Company, supra. Notwithstanding this well recognized rule, there are instances in which courts have retained jurisdiction where circumstances apparently justified an exception. The case of La Belle Box Co. v. Stricklin, 6 Cir., 218 F. 529, seems to fall in that category. The court in the opinion cited the case of Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103, as a departure from or withdrawal of the strict rule requiring specific allegations of citizenship at the time of the commencement of the action. I cannot agree that the Kinney case would be authority for retaining jurisdiction in the case at bar.

I concede the case of La Belle Box Co. v. Stricklin, supra, is good authority for the defendants' position. A careful reading of the opinion indicates that the court considered that the petition for removal was only imperfect and not completely lacking in the necessary allegations as in the case at bar. The court emphasized the fact that to remand the La Belle Box Company case would have prolonged already extended litigation. While I cannot see that this could be a reason for retaining jurisdiction that had never been acquired, I respect the court's decision and believe that the record must have contained strong evidence establishing the essence of jurisdiction.

The same might be said of the decision in Fentress Coal & Coke Co. v. Elmore, 6 Cir., 240 F. 328, 332. Judge Denison, who wrote the opinion in the La Belle Box Company case, also wrote the opinion in the Fentress case. In the Fentress case the court referred to the La Belle case and the three years loss of time and added that "in the present case * * * plaintiff will lose six years * * *". While it may be a distinction without a difference, it should be pointed out that in both the La Belle and Fentress cases, the defendant was attempting to take advantage of his own mistake, which is not true in the case at bar.

In the case of Stern v. Beer, 6 Cir., 200 F.2d 794, where an amendment to show diversity was permitted, the case was not one that had been removed from the state court. As pointed out in Putterman v. Daveler, supra [169 F.Supp. 130], "the procedure for removal of a case from a State Court to a Federal Court is purely of statutory origin and can only be exercised when the matter comes clearly within the provisions of the Statute."

In none of the cases to which my attention has been called, or which I have found on my own research, has the petition for removal so clearly failed to state the requisite jurisdictional facts. No allegation is made that either party was at the time of the commencement of the action a citizen or resident of different states or of any state. The whole question of the right to take this action from a court that undoubtedly had jurisdiction to the federal court, was based upon the *time* when the action was *commenced*.

An order in conformity with this memorandum is this day entered.