Herman L. EUBANKS

v.

KRISPY KREME DONUT CO., Inc., and Herman Miller.

Civ. A. No. 3704.

United States District Court
E. D. Tennessee, S. D.
Dec. 21, 1961.

Sinor & Sinor, Chattanooga, Tenn., for plaintiff.

Campbell & Campbell, Chattanooga, Tenn., for defendants.

FRANK W. WILSON, District Judge.

This is a suit for personal injuries originally filed in the Circuit Court of Hamilton County, Tennessee, and removed to this Court by the defendant Krispy Kreme Donut Co., Inc. (hereinafter referred to as "Krispy Kreme"), upon the basis of diversity of citizenship and amount in controversy.

It is undisputed that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs, that the plaintiff is a citizen of the State of Tennessee, and that the defendant Miller is a citizen of the State of Georgia. The plaintiff, however, asserts that diversity fails because the citizenship of Krispy Kreme is not adequately shown by the statement in the removal petition that "the defendant Krispy Kreme Donut Company, Inc. was at the time of the commencement of this suit and still is a citizen and resident of the State of North Carolina." It is the position of the plaintiff that this statement does not negative the possibility that Krispy Kreme is also a citizen of Tennessee. Krispy Kreme counters that the removal petition is sufficient in view of the allegation in the plaintiff's original pleading that Krispy Kreme "is a foreign corporation." Krispy Kreme further maintains that it should in any event be permitted to amend the removal petition to correct the alleged insufficiency, and suggests finally that the plaintiff has waived his right to move for remand.

Considering the issues thus raised in the order stated, the Court is of the opinion, first, that the removal petition is insufficient by reason of its failure to state Krispy Kreme's principal place of business.

The statute governing Federal diversity jurisdiction, Title 28 U.S.C.A. § 1332, was amended in 1958 to provide that, for purposes of diversity jurisdiction, a corporation may be a citizen of the

State of its principal place of business as well as of the State of its incorporation:

"(c) For the purposes of this section and section 1441 [the removal statute] of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The procedure for effecting removal of cases from State to Federal courts is set forth in Title 28 U.S.C.A. § 1446, where it is provided that

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."

Thus the question presented is whether the requirement of a "short and plain statement" of the facts entitling the petitioner to removal is satisfied by a statement that a corporate party is a citizen of a certain state, in view of the provision of Section 1332(c) that a corporation may be a citizen of two states for purposes of diversity jurisdiction.

In considering this question it is well to keep in mind that the removal statutes are to be construed strictly against removal. In the first place, removal jurisdiction

"is quite an anomalous jurisdiction, giving a defendant, sued in a court of competent jurisdiction, the right to elect a forum of his own choosing. Such a procedure was unknown to the common law. Nor is removal jurisdiction mentioned in the Constitution." 1 Barron & Holtzoff, Federal Practice and Procedure, sec. 101.

Moreover, strict construction against removal both relieves against Federal court congestion, Browne v. Hartford

Fire Insurance Co., D.C., 168 F.Supp. 796, and protects the jurisdiction of State courts, Roseberry v. Fredell, D.C., 174 F.Supp. 937. In accordance with this policy of construction, it is well-settled that a statement in a removal petition to the effect that a corporate party is a citizen of a given state is not sufficient to effect removal, in the absence of an express statement that the corporation was incorporated under the laws of such state. See Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160; Hernandez v. Watson Bros. Transportation Co., D.C., 165 F.Supp. 720. By clear analogy, then, an express statement concerning a corporate party's principal place of business is required since the 1958 amendment of Section 1332(c). Browne v. Hartford Fire Insurance Co., D.C., 168 F.Supp. 796; Roseberry v. Fredell, D.C., 174 F.Supp. 937; Park v. Hopkins, D.C., 179 F.Supp. 671; Washington-East Washington Joint Authority v. Roberts & Schaefer Co., D.C., 180 F.Supp. 15; Adams v. Ralph L. Smith Lumber Co., D.C., 181 F.Supp. 729; Gobet v. Intercontinental Hotels Corp. (Ponce), D.C., 184 F.Supp. 171; F & L Drug Corporation v. American Central Insurance Company, D.C., 200 F.Supp. 718; Evans-Hailey Co., Inc. v. Crane Co., D.C., 207 F.Supp. 193. Cf. Brandt v. Bay City Super Market, D.C., 182 F.Supp. 937, holding that a plaintiff who invokes diversity jurisdiction against a corporate defendant must expressly allege such corporation's principal place of business in the complaint. Cf. also the recent amendment of Form 2, Federal Rules of Civil Procedure, 28 U.S.C.A., together with Explanatory Note 1, 368 U.S. at A-11: "1. *Diversity of Citizenship.* * * * An allegation regarding the principal place of business of each corporate party must be made in addition to an allegation regarding its place of incorporation."

The allegation in the plaintiff's original pleading that Krispy Kreme is a "foreign corporation" did not relieve Krispy Kreme of making allegations in

accordance with the foregoing rules in its removal petition. The plaintiff's declaration was prepared for filing, and was in fact filed, in a Tennessee court, and under the law of Tennessee a corporation organized in another state is a "foreign corporation" regardless of the location of its principal place of business. The plaintiff's allegation will be given the meaning which it was intended to have in the State court, especially when removal to this Court was effected or sought by Krispy Kreme.

The next question is whether Krispy Kreme should be permitted to amend the removal petition to allege "that the main office and principal place of business of defendant corporation is in the State of North Carolina * * *."

It is undisputed that the motion to amend comes after the expiration of the twenty-day period allowed by Title 28 U.S.C.A. § 1446(b) for the filing of the removal petition, but the authorities are not in accord on the question of the permissibility of amendment after the expiration of such period. One court has indicated an unwillingness to allow amendment in a similar situation on the ground simply that a motion to amend is not timely after the expiration of the twenty-day period. Gobet v. Intercontinental Hotels Corp. (Ponce), D.C., 184 F.Supp. 171. Other courts, however, have allowed amendment upon the authority of Title 28 U.S.C.A. § 1653. Fireman's Insurance Co. of Newark, N. J. v. Robbins Coal Co., 5 Cir., 288 F.2d 349; Park v. Hopkins, D.C., 179 F.Supp. 671. Cf. McGuigan v. Roberts, D.C., 170 F.Supp. 372.

■■ Section 1653 provides as follows:

> "*Amendment of pleadings to show jurisdiction* Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Despite the reference in its caption to amendment of "pleadings," it appears that this statute is properly to be regarded as applying to removal petitions.

Hernandez v. Watson Bros. Transportation Co., D.C., 165 F.Supp. 720. Nevertheless, the rule has developed that Section 1653 authorizes amendment of removal petitions after the expiration of the twenty-day period only if the purpose of the amendment is to correct a defective allegation, rather than to supply an essential matter which has been omitted altogether. Browne v. Hartford Fire Insurance Company, D.C., 168 F.Supp. 796; Roseberry v. Fredell, D.C., 174 F.Supp. 937. The reasoning which supports the rule against allowing an amendment to supply an essential omission appears in Jackson v. Allen, 132 U.S. 27, 34, 10 S.Ct. 9, 33 L.Ed. 249:

> "It appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown, and that therefore the jurisdiction of the state court was never divested. Stevens v. Nichols, 130 U.S. 230 [9 S.Ct. 518, 32 L.Ed. 914]. This being so, the defect cannot be cured by amendment. Crehore v. Ohio & Mississippi Railroad Co., 131 U.S. 240, [9 S.Ct. 692, 33 L.Ed. 144]."

■ With regard, then, to the propriety of amendment, the ultimate question is whether the original petition is merely "defective," on the one hand, in which case amendment may be allowed, or entirely lacking in an essential allegation, on the other, in which case jurisdiction remains exclusively in the State court, and this Court has no authority to permit amendment. As already indicated, the Court is of the opinion that an allegation as to the principal place of business of a corporate party is essential to the establishment of diversity jurisdiction since the 1958 amendment of Title 28 U.S.C.A. § 1332(c), and, therefore, that an unexplained and unsubstantiated conclusion that such a party is a citizen of a given state is not merely a defective allegation which may be corrected by amendment after the expira-

tion of the twenty-day period allowed by Title 28 U.S.C.A. § 1446(b). Browne v. Hartford Fire Insurance Co., D.C., 168 F.Supp. 796; Roseberry v. Fredell, D.C., 174 F.Supp. 937; Washington-East Washington Joint Authority v. Roberts & Schaefer Co., D.C., 180 F. Supp. 15; F & L Drug Corporation v. American Central Insurance Company, D.C., 200 F.Supp. 718; Evans-Hailey Co., Inc. v. Crane Co., D.C., 207 F.Supp. 193.

It may be acknowledged that there are three Sixth Circuit cases which might be regarded as authority for a contrary result on the question of amendment. La Belle Box Co. v. Stricklin, 6 Cir., 218 F. 529; Fentress Coal & Coke Co. v. Elmore, 6 Cir., 240 F. 328; Stern v. Beer, 6 Cir., 200 F.2d 794. In the first two of these cases amendment of the removal petitions to show diversity was permitted in the appellate court. It is to be noted, however, that in both of these cases the jurisdictional question was raised on appeal by defendants against whom judgments had been rendered, and whose own deficient removal petitions were responsible for the jurisdictional uncertainty. Moreover, holding that there was no Federal jurisdiction would have vitiated six years of proceedings in the Fentress case, and three years of proceedings in the La Belle Box case. These considerations, together with the labored reasoning of the Court of Appeals in those cases, led the District Court for the Eastern District of Kentucky to conclude that the rulings of the La Belle Box and Fentress cases should be and were intended to be restricted to exceptional circumstances such as those there presented. Roseberry v. Fredell, D.C., 174 F.Supp. 937.

Furthermore, it would appear that amendment of the removal petition in the La Belle Box and Fentress cases might have been justified upon the theory that the petitions were merely defective in their allegations of jurisdiction. In the former case, the petition failed only to allege the citizenship of the plaintiff as of the commencement of the suit, though it duly alleged his citizenship as of the date of removal, 30 days later, and duly alleged the defendant's citizenship as of both the date of commencement and the date of removal. In the Fentress case, the defendant's removal petition. alleged that, both at the time of commencing suit and at the time of removal, the plaintiff was a citizen of Tennessee, and the defendant was "a citizen of the State of Pennsylvania, and of no other state," and the petition failed only to allege expressly that the defendant was incorporated under the laws of Pennsylvania. Further still, it was stipulated in the La Belle Box case, and presumed in the Fentress case, that proper diversity of citizenship in fact existed between the parties. Therefore, the result in those cases might have been justified under the rule—first announced by the Supreme Court in Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155, later applied by the Sixth Circuit Court of Appeals in Handley-Mack Co. v. Godchaux Sugar Co., 6 Cir., 2 F.2d 435, and recently reasserted by the Supreme Court in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702—that if the federal court would have had original jurisdiction of the controversy had it been brought there in the posture it had after removal at the time of trial or entry of judgment, a removing defendant may be estopped after judgment from asserting that there was no right to remove.

Removal proceedings were not involved in the other Sixth Circuit case, Stern v. Beer, supra. There service of process was made pursuant to the filing of a complaint which alleged merely diversity of *residence* between the parties. The Court held that it was proper to allow amendment of the complaint to allege diversity of citizenship, rejecting the defendant's contention that the suit should be dismissed and new process issued upon the filing of a new complaint. As noted in Roseberry v. Fredell, supra, however, it is significant that the Stern case dealt with amendment of a complaint originally filed in Federal court

rather than with a removal petition. Because of this fact, the Court was not concerned with the necessity of protecting the jurisdiction of a State court, and the Stern case accordingly cannot be regarded as controlling authority in removal cases where that consideration is paramount.

A further reason for denying the motion to amend in the present case arises from the fact that neither the removal petition nor the proposed amendment contains an explicit allegation as to the State of incorporation of Krispy Kreme. As noted above, it has long been the rule that such an allegation is required in order to allege the citizenship of a corporation. Thomas v. Board of Trustees of Ohio State University, supra.

 Finally, Krispy Kreme argues that the plaintiff has waived his right, or is estopped, to move for remand. It is true that the motion to remand comes approximately five months after the petition for removal was filed, and that during this interval Krispy Kreme has filed an answer and taken two discovery depositions. The Court is of the opinion, however, that Krispy Kreme has not been prejudiced by these matters. Its answer may be used in the State court with only slight modification, and the depositions, being discovery depositions, have already served their principal purpose. In any event, it appears that the right to move for remand generally cannot be waived, Adams v. Ralph L. Smith Lumber Co., D.C., 181 F.Supp. 729, except in the situation mentioned above, where a party waits until after judgment to challenge the removal in a case when diversity in fact exists between the parties.

In conclusion, the citizenship of Krispy Kreme does not sufficiently appear from the record, and this Court therefore cannot entertain this case upon the basis of diversity of citizenship, but must remand the same to the State court in which it originated.

Order accordingly.