**Velma YOUNG, Plaintiff,**

v.

**RAILWAY EXPRESS AGENCY, INC., Defendant.**

Civ. A. No. 4258.

United States District Court
W. D. Kentucky,
at Louisville.

June 20, 1962.

Harry L. Hargadon, Sr., Louisville, Ky., for plaintiff.

Kent McElwain, Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This case is before the Court for determination of the question of its remand to the Jefferson Circuit Court from whence it was removed to this Court as a controversy between citizens of different states and involving an amount in excess of $10,000.00.

The petition for removal did not allege citizenship arising from the state of defendant's incorporation nor the location of its principal place of business. The defendant now seeks to amend the petition for removal to supply the deficient allegations and relies upon Section 1653 of Title 28 United States Code, which provides that defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

In the case of Hernandez v. Watson Bros. Transportation Co., D.C., 165 F. Supp. 720, the District Court of Colorado decided that the right of amendment provided by Section 1653 could be freely used until the time passes within which removal could have been effected, but thereafter amendment could only be used to state more specifically the ground for removal already imperfectly stated.

This Court, in opinions by Judge Swinford in Cline v. Belt, D.C., 43 F.Supp. 538, and Roseberry v. Fredell, D.C., 174 F.Supp. 937, has ruled that defect was fatal and could not be cured by amendment. Judge Brooks of this Court adopted the same view in the recent case of Hitner v. Great Atlantic & Pacific Tea Company, Louisville Civil Docket No. 4257.

Frankness compels that the case from the Fifth Circuit Court of Appeals, Fireman's Insurance Company of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349, is persuasive that the amendment tendered in this case might properly be allowed. I have found no other appellate court opinion touching this question. However, I adopt the ruling of Judge Swinford and Judge Brooks.

IT IS ORDERED that this action be and same hereby is remanded to the Jefferson Circuit Court.