Donald VAN HORN, Plaintiff,

v.

WESTERN ELECTRIC COMPANY, a Foreign Corporation, Defendant.

Civ. No. 6–72293.

United States District Court,
E. D. Michigan, S. D.

Jan. 5, 1977.

---

V. Paul Donnelly, Detroit, Mich., for plaintiff.

Chester E. Kasiborski, Jr., Detroit, Mich., for defendant.

## OPINION

GUY, District Judge.

On October 8, 1976, the plaintiff commenced this action in the Circuit Court for the County of Wayne, Michigan. Defendant thereafter removed the case pursuant to 28 U.S.C. § 1441 alleging that this court had original jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship. The petition for removal was filed within the requisite thirty days after defendant received the complaint, 28 U.S.C. § 1446(b). However, the court, on its own motion, remands this case to the Circuit Court for the County of Wayne because the Petition for Removal fails to plead adequately that the parties are of diverse citizenship as required by 28 U.S.C. § 1332(a)(1) and (c).

Actions commenced in state court may only be removed where the action could have been originally brought in federal court:

> "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

There are two main sources for federal jurisdiction. The first is federal question jurisdiction in 28 U.S.C. § 1331(a) which permits actions to be brought in federal court where "the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States." In the instant case, plaintiff alleges that defendant discriminated against plaintiff on account of age, in violation of Michigan law, M.S.A. § 17.458(3a) [M.C.L.A. § 423.303a]. The cause of action plead in the complaint does not arise under the Constitution, laws, or treaties of the United States, but, rather, is an action arising under Michigan statutory law.

The second major source of federal jurisdiction is 28 U.S.C. § 1332(a)(1) which permits actions to be brought in federal court where "the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ." For purposes of corporate parties, Congress established specific guidelines delineating where a corporation is deemed a citizen:

> "(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

Congress purposefully used the conjunctive "and" in defining the citizenship of a corporation thereby permitting a corporation to be a citizen of more than one state. As a matter of fact, a corporation incorporated

in every state is likewise a citizen of each state for purposes of diversity of citizenship jurisdiction. Subsection (c) of Section 1332 was clearly designed to make corporations less amenable to suit in federal court on the basis of diversity of citizenship. *Kelly v. United States Steel Corporation*, 284 F.2d 850 (CA 3 1960); *Walsh v. American Airlines*, 264 F.Supp. 514 (E.D.Ky.1967).

In an original complaint as well as in a petition for removal where jurisdiction is predicated on diversity of citizenship, it is incumbent on the party asserting the jurisdiction to plead the principal place of business and place of incorporation of the corporation. See *Barrow Development v. Fulton Insurance*, 418 F.2d 316, 317 (CA 9 1969); *Walsh v. American Airlines*, 264 F.Supp. 514, 516 (E.D.Ky.1967); *Carlton Properties v. Crescent City Leasing*, 212 F.Supp. 370, 371 (E.D.Pa.1962); *William Kalivas Construction v. Vent Control of Kansas City*, 325 F.Supp. 1008, 1009 (W.D. Mo.1970); *Browne v. Hartford Fire*, 168 F.Supp. 796, 798 (N.D.Ill.1959); *F. & L. Drug Corp. v. American Central*, 200 F.Supp. 718, 720 (D.Conn.1961); *Park v. Hopkins*, 179 F.Supp. 671, 672 (S.D.Ind. 1960); *Handy v. Uniroyal*, 298 F.Supp. 301, 302 (D.Del.1969). Moreover, federal jurisdiction must be present both at the time of the complaint and time of removal, *William Kalivas Construction, supra,* and *Carlton Properties, supra.* In the instant case, the plaintiff's complaint alleges that the defendant is a corporation with an area office located in the City of Plymouth, County of Wayne, Michigan. Defendant's Petition for Removal alleges that plaintiff is a citizen of Michigan and that defendant is incorporated under the laws of the State of New York and, thus, that this court has original jurisdiction under 28 U.S.C. § 1332.[1]

Where the party alleging jurisdiction has failed to satisfy the minimum jurisdictional requirement for federal jurisdiction, the court, *sua sponte,* has the right and duty to raise the jurisdictional defect. *Atlas, etc., Insurance Co. v. Southern, Inc.,* 306 U.S. 563, 568 n. 1, 59 S.Ct. 657, 83 L.Ed. 987 (1938), and *Basso v. Utah Power and Light Company,* 495 F.2d 906, 909 (CA 10 1974). *Evans-Hailey Co. v. Crane Co.,* 207 F.Supp. 193, 198 (M.D.Tenn.1962); *Bradford v. Mitchell Brothers,* 217 F.Supp. 525, 526 (N.D.Cal.1963); *Firemen's Insurance v. Robbins Coal,* 288 F.2d 349, 350 (CA 5 1961); *Whitelock v. Leatherman,* 460 F.2d 507, 514 (CA 10 1972). Following this well developed principle, the court, on its own motion, concludes that defendant has failed to plead satisfactorily the jurisdictional allegation in its petition for removal, in that no allegation relative to the corporate defendant's principal place of business is included in the petition for removal, and, therefore, the court orders that the case be remanded to state court.

The party invoking the jurisdiction of the federal court has the burden of establishing the existence of jurisdiction. Moreover, there is a presumption against federal jurisdiction. See *Basso v. Utah Power and Light Company, supra,* at 909; *Evans-Hailey Co. v. Crane Co., supra,* at 198; *F. & L. Drug Corp. v. American Central, supra,* at 724; *Walsh v. American Airlines, supra,* at 515; and *Whitelock v. Leatherman, supra,* at 514, and a policy of strict construction of jurisdiction in favor of state court, *Young Spring and Wire v. American Guarantee and Liability Insurance,* 220 F.Supp. 222, 228 (W.D.Mo.1963); *William Kalivas Construction v. Vent Control of Kansas City, supra,* at 1010; and *Alexander v. Missouri-Kansas-Texas Railroad,* 221 F.Supp. 897, 898 (W.D.Mo.1963).

1. The defendant's Petition for Removal in this case reads as follows:

"The above entitled cause involves a controversy which is wholly between citizens of different states in that according to the allegations in plaintiff's Complaint, plaintiff was at the time of commencement of said cause and still is a Michigan resident, defendant is a corporation incorporated under the laws of the State of New york, and the value of the matter in controversy in said cause exceeds $10,000, exclusive of interests and costs, as appears from the allegations and prayer for relief contained in plaintiff's Complaint. Thus, said action is one over which the District Courts of the United States are given original jurisdiction under the provisions of 28 U.S.C. § 1332(a)".

Similarly, courts have strictly interpreted the removal statute, 28 U.S.C. § 1441, against removal. *Young Spring and Wire v. American Guarantee and Liability Insurance, supra,* at 228; *Browne v. Hartford Fire Insurance, supra,* at 799; *Evans-Hailey Co. v. Crane Co., supra,* at 198; *Walsh v. American Airlines,* 264 F.Supp. 514, 516 (E.D.Ky.1967); *Eubanks v. Krispy Kreme Donut,* 208 F.Supp. 479, 481 (E.D.Tenn. 1961). Various reasons have been cited for the policy of strict interpretation against removal. In *Young Spring and Wire Corp. v. American Guarantee and Liability Insurance, supra,* the court enumerated four practical and theoretical reasons for the policy of strict construction against federal removal jurisdiction. First, if removal is permitted in doubtful cases, the party suffering an adverse judgment in the district court can appeal to the circuit court contending that removal should not have been permitted and thus secure a reversal of the lower court's judgment on the ground of lack of jurisdiction of the lower court to render a judgment. *Young Spring and Wire, supra,* at 228; *William Kalivas Construction v. Vent Control of Kansas City, supra,* at 1010; and *Whitelock v. Leatherman, supra,* at 514.

Second, the traditional justification for diversity jurisdiction of state court hostility toward non-resident defendants has been significantly reduced from the time when diversity jurisdiction was first created. *Young Spring, supra,* at 228; *F. & L. Drug Corp. v. American Central Insurance Co., supra,* at 723.

Third, that federal courts must cautiously guard their own jurisdiction so as not to infringe on the rightful independence and sovereignty of state governments. *Young Spring, supra,* at 228; *Eubanks v. Krispy Kreme Donut, supra,* at 481; *Evans-Hailey Co. v. Crane Co., supra,* at 198 (considerations of state sovereignty, comity, and traditional judicial respect for the jurisdiction of other courts).

Fourth, considerations of congestion in federal courts have prompted some courts to conclude that questionable cases of fed-eral removal jurisdiction should be remanded to state courts. *Young Spring, supra,* at 228; *Eubanks v. Krispy Kreme Donut, supra,* at 481; and *Browne v. Hartford Fire Insurance, supra,* at 797–98.

Where a defendant has filed a properly pleaded "verified petition containing a short and plain statement of the facts which entitle him or them to removal," 28 U.S.C. § 1446(a), the court, of course, must accept the removal. As already noted, one of the requirements in a petition for removal is stating a basis for original federal jurisdiction and where this is based on diversity of citizenship, the petitioning party must state the principal place of business and place of corporation of any corporate parties. 28 U.S.C. § 1332(c). It has been held that where a petition for removal fails to allege the principal place of business of any corporate party the removal is improper and the court lacks jurisdiction to accept such removal. *Browne v. Hartford Fire Insurance, supra,* at 799; *William Kalivas Construction v. Vent Control of Kansas City, supra,* at 1010; *Young v. Railway Express,* 209 F.Supp. 953 (W.D.Ky.1962); *Eubanks v. Krispy Kreme Donut, supra,* at 481; *Barrow Development v. Fulton Insurance,* 418 F.2d 316, 317 (CA 9 1969); *Handy v. Uniroyal,* 298 F.Supp. 301, 302 (D.Del. 1969).

In the instant case, the defendant only alleges that this court has original jurisdiction under 28 U.S.C. § 1332 because plaintiff is a citizen of Michigan and defendant corporation is a New York corporation, while failing to allege the defendant corporation's principal place of business. Conclusory allegations that original federal jurisdiction exists through diversity of the parties without specific allegations as to principal place of business of corporate parties is insufficient to vest this court with removal jurisdiction. Prior cases have held that allegations by a petitioning party that a corporate party is incorporated in a particular state or is a foreign corporation does not satisfy the requirement of pleading the citizenship of all parties to establish diversity of citizenship. *Eubanks v. Krispy Kreme*

*Donut, supra* at 481–82; *Walsh v. American Airlines, supra,* at 515; *Barrow Development Co. v. Fulton Insurance Co., supra* at 317 n. 1; *Firemen's Insurance Co. v. Robbins Coal Co., supra,* at 350; *Goforth v. Allstate Insurance Co.,* D.C., 213 F.Supp. 595, at 596; *Handy v. Uniroyal, supra,* at 302; *F. & L. Drug Corp. v. American Central Insurance Co., supra,* at 719–720. The court's own research has been unable to discover any case, expressly discussing the question, which permitted removal jurisdiction based on diversity of citizenship of the parties, where the petitioning party has only plead the state of incorporation of a corporate party or made general allegations of diversity between the parties, but has not included specific allegations relative to the principal place of business of corporate parties. Therefore, consistent with the long line of precedent noted heretofore, the court concludes that the Petition for Removal in the instant case insufficiently alleges diversity of citizenship between the parties to vest this court with removal jurisdiction. 28 U.S.C. § 1441, § 1446(a).

■ However, the court's analysis would be incomplete if it rested at this point because, under some circumstances, a party may be permitted to amend its Petition for Removal. 28 U.S.C. § 1446(b), 28 U.S.C. § 1653.[2] Section 1446(b) requires that a petition for removal be filed within "thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . ." It could be argued persuasively that a defendant is free to amend its petition for removal anytime within this thirty day period inasmuch as the defendant could merely file a new petition for removal setting forth the allegations sought to be included in the amended petition. However, in the instant case, the thirty day period has passed and, thus, a new petition for removal may not be filed by the defendant. Defendant, at this juncture, can only hope to rehabilitate its existing petition for removal.

In this regard, some courts have permitted amendment to the petition for removal on the basis of 28 U.S.C. § 1653: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." See *Hendrix v. New Amsterdam Casualty Co.,* 390 F.2d 299, 301 (CA 10 1968); *Whitelock v. Leatherman, supra,* at 514; *Barrow Development v. Fulton Insurance, supra,* at 318; *Appalachian Volunteers v. Clark,* 432 F.2d 530, 534 (CA 6 1970); *Firemen's Insurance Co. v. Robbins Coal Co., supra,* at 350; *Goforth v. Allstate Insurance Co., supra,* 597–98; *Handy v. Uniroyal, supra,* at 303–305; and *Alexander v. Missouri-Kansas-Texas Railroad,* 221 F.Supp. 897, 898 (W.D. Mo.1963). However, an overwhelming number of cases have narrowly interpreted Section 1653 to where "the amendment is one to cure technical defects or to amplify the allegations of the petition." *Cline v. Belt,* 43 F.Supp. 538, 540 (E.D.Ky.1942). See also *William · Kalivas Construction v. Vent Control of Kansas City, supra,* at 1010; *Young v. Railway Express, supra,* at 953; *Evans-Hailey v. Crane Co., supra,* at 198–202; *Carlton Properties v. Crescent City Leasing, supra,* at 371; *F. & L. Drug Corp. v. American Central, supra,* at 720; *Bradford v. Mitchell Brothers,* 217 F.Supp. 525, 528 (N.D.Cal.1963); *Eubanks v. Krispy Kreme Donut, supra,* at 482–83; *Crawford v. Fargo Manufacturing,* 341 F.Supp. 762, 763 (M.D.Fla.1972); *Harlem River Produce v. Aetna Casualty,* 257 F.Supp. 160, 164 (S.D.N.Y.1965); *Park v. Hopkins,* 179 F.Supp. 671, 672 (S.D.Ind.1960); *Barrow Development v. Fulton Insurance, supra,* at 317.

Defective allegations of jurisdiction which may or may not be cured by amendment have been stated as:

"Thus, the amendment must do no more than set forth in proper form what has been before imperfectly stated in the petition for removal. A removal petition containing the ultimate facts required by

---

**2.** Although some courts have suggested that amendment of the removal petition might be allowed under the authority of Rules 15(a) or 4(h) of the Federal Rules of Civil Procedure, the court finds that the same considerations requiring this court to refuse to authorize attempts to amend under Section 1653 also apply to amendments under these Rules.

law may be amended to allege in detail the facts, such as a fraudulent joinder (citation omitted). An amendment cannot be made to supply allegations necessary to show that the cause is removable (citation omitted), or to set up entirely new and different grounds for removal." *Cline v. Belt, supra,* at 540.

This interpretation has been stated another way as follows:

"But where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded. (Citations omitted.)

\* \* \* \* \* \*

"An absence of an allegation cannot be regarded as an allegation defective in form. Here the defendant does not seek to amend an allegation; it seeks to introduce one not heretofore made." *F. & L. Drug Corp. v. American Central Insurance, supra,* at 722.

In *Eubanks v. Krispy Kreme Donut, supra,* the court dealt with a jurisdictional allegation in the petition for removal which closely resembles the one in the instant case:

"With regard, then, to the propriety of amendment, the ultimate question is whether the original petition is merely 'defective,' on the one hand, in which case amendment may be allowed, or entirely lacking in an essential allegation, on the other, in which case jurisdiction remains exclusively in the State Court, and this Court has no authority to permit amendment. As already indicated, the Court is of the opinion that an allegation as to the principal place of business of a corporate party is essential to the establishment of diversity jurisdiction since the 1958 amendment of Title 28 U.S.C.A. § 1332(c),

and, therefore, that an unexplained and unsubstantiated conclusion that such a party is a citizen of a given state is not merely a defective allegation which may be corrected by amendment after the expiration of the twenty-day period allowed by Title 28 U.S.C.A. § 1446(b)." *Supra,* at 482–83.

Similarly, in this case, the allegation in the Petition for Removal failed to plead principal place of business for a corporate party and, thus, an essential allegation for establishing jurisdiction is lacking. This is not a situation where a jurisdictional allegation was erroneously made through inadvertence or failure to plead sufficient facts to satisfy a jurisdictional allegation.[3] Rather, this case typifies those cases where a jurisdictional allegation is completely lacking and, thus, for this court to permit an amendment to the Petition for Removal, would not do justice to the requirements set forth in 28 U.S.C. § 1446(b). In other words, this is a case where the jurisdictional allegation is "so defective as to be incurable." *Kinney v. Columbia Savings and Loan,* 191 U.S. 78, 80, 24 S.Ct. 30, 31, 48 L.Ed. 103 (1903). When the defendant removed this case, the court did not acquire jurisdiction, since jurisdiction was not properly alleged. To permit defendant to now amend its Petition for Removal to include a new and proper allegation of jurisdiction would, in effect, allow defendant to vest in this court removal jurisdiction more than thirty days after service of and receipt by the defendant of the Complaint. This the court cannot permit.

Of course, where the Petition for Removal only contains a defective factual allegation of jurisdiction, amendment under these circumstances is not vesting new jurisdic-

---

**3.** In *Barrow Development Co. v. Fulton Insurance Co.,* 418 F.2d 316 (CA 9 1969), District Court Judge William M. Byrne, sitting by designation, dissented from the court's ruling that defendant be permitted to amend his removal petition. Agreeing that Section 1653 is applicable, Judge Byrne dissented from the majority's opinion that this section allowed the defendant to amend its removal petition:

"Here there are no *allegations of jurisdiction,* defective or otherwise, to be amended.

There is a complete absence of any 'statement of facts which entitle him or them to removal' as required by § 1446. This is not a case where there was a 'flaw, imperfection or blemish' in allegations of fact, but a complete omission of any allegations of jurisdictional facts to establish the conclusion that The Fulton Insurance Company was a 'citizen of New York' . . ." (Emphasis supplied, footnote omitted) *Id.* at 321.

tion with this court. As aptly stated in *Bradford v. Mitchell Brothers,* 217 F.Supp. 525, 528 (N.D.Cal.1963), an amendment under § 1653 will be allowed "when there are enough facts alleged in the petition and accompanying pleadings to enable the court to determine without more that the basis for removal is present." Thus, if the court, on its own, could determine that removal jurisdiction is present, even though on the precise facts set forth by the petitioning party the factual requirements of original federal jurisdiction had not been plead, then Section 1653 would permit an amendment to the petition to afford the petitioning party to plead properly its allegations of jurisdiction. The present case does not fall within this narrow arena permitting amendments of jurisdictional allegations.

Furthermore, the court feels inclined to comment on those cases which have permitted amendment to a petition for removal and indicate its view relative to the reasoning employed by those courts in permitting amendment. Generally, two explanations can justify the decisions reached in those cases mentioned, *supra,* which permitted amendment of the petitioning party's jurisdictional allegations.

First, the appellate courts which have permitted amendments under Section 1653 have been faced with a factor not present at the district court level. Since an order remanding a case to state court is not reviewable on appeal, 28 U.S.C. § 1447(d), all appellate courts which have had to decide this issue have done so after the case has been litigated to final judgment. Thus, an appellate court faced with a motion under Section 1653 to amend the petition for removal to include further allegations of jurisdiction will be more inclined to permit such an amendment when faced with the practicality that if the amendment is not permitted the case would have to be remanded to state court and the matter litigated once again. Consideration of this factor by an appellate court was in fact made in *Whitelock v. Leatherman, supra,* at 515, wherein the court allowed the amendment to the petition after noting: "In the

interest of the conservation of judicial resources, yet with due regard to the minimal requirements of jurisdiction . . . ." Similarly, in *Eubanks v. Krispy Kreme Donut, supra,* at 483, after the court denied the petitioning party's request to amend its petition, it acknowledged that there might be Sixth Circuit authority supporting amendment to the petition for removal. *La Belle Box Co. v. Stricklin,* 218 F. 529 (CA 6 1914); *Fentress Coal & Coke Co. v. Elmore,* 240 F. 328 (CA 6 1917), but noted that ". . . holding that there was no Federal jurisdiction would have vitiated six years of proceedings in the *Fentress* case, and three years of proceedings in the *La Belle Box* case." See *Evans-Hailey Co. v. Crane Co., supra,* at 202. This same consideration goes far in explaining the heretofore mentioned appellate cases allowing amendment to the removal petition and also the case of *Kinney v. Columbia Savings & Loan Association,* 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903), which is likewise relied upon heavily by these appellate courts. In *Kinney,* the district court had allowed an amendment to the petition and the Supreme Court affirmed. Rather than analyze the lower court's ruling on whether there was jurisdiction to allow an amendment, the Court relied heavily on the fact that the plaintiff was not prejudiced by the amendment and the retention of removal by the district court. The test for federal jurisdiction used by the Court, namely, whether plaintiff was prejudiced, is one clearly not comporting with the well established principle noted above of a presumption against federal jurisdiction in questionable cases. Employment of this test by the Supreme Court indicates a reluctance to find an improperly granted amendment which would require relitigation of the case.

Second, in those cases permitting amendment to a removal petition, heavy reliance is placed on *Kinney, supra;* however, this case has been subsequently interpreted by the Supreme Court as only permitting amendment to a removal petition "to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the

ground of removal already imperfectly stated." *Southern Pacific Co. v. Stewart*, 245 U.S. 359, 363, 38 S.Ct. 130, 131, 62 L.Ed. 345 (1917). Thus, *Kinney* did not allow an amendment to supply allegations necessary to establish the removability of the case, but only permitted the amendment where its purpose was to more properly set forth jurisdictional allegations which had been imperfectly stated. *Evans-Hailey Co. v. Crane Co., supra,* at 200. To the extent that *Kinney* is cited by those courts allowing amendment, it is inferable that those courts felt that the amendments requested were only for the purpose of correcting a technical defect in the jurisdictional allegation. Moreover, as to those cases factually indistinguishable from the present case, but nevertheless allowing amendment, the court finds the reasoning of these cases unpersuasive, and is, rather, guided in its decision by the overwhelming number of cases refusing to allow amendment where the amendment seeks to add to the removal petition jurisdictional allegations not theretofore plead.

In light of the reasoning heretofore given, the court orders that this case be remanded to the appropriate state court for further disposition as is necessary.