Richard G. Hunegs and Frances Li, De-Parcq, Perl, Hunegs, Rudquist & Koenig, Minneapolis, Minn., for plaintiff.

Roger A. Johnson, Oppenheimer, Wolff, Foster, Shepard & Donnelly, Minneapolis, Minn., for defendant.

---

**C. Wayne LeNEAVE, Plaintiff,**

v.

**NORTH AMERICAN LIFE ASSURANCE COMPANY, Defendant.**

**Civ. No. 4–86–81.**

United States District Court, D. Minnesota, Fourth Division.

April 16, 1986.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiff's motion to remand and defendant's motion for leave to amend its removal petition. Plaintiff's motion to remand will be denied. Defendant's motion for leave to amend will be granted.

**FACTS**

Plaintiff is a Minneapolis, Minnesota resident, formerly employed by the defendant. Defendant is a Canadian-based insurance carrier.

This is an employment termination action raising claims for breach of contract, fraud, unjust enrichment, and the intentional infliction of emotional distress. Plaintiff's complaint was filed in Hennepin County District Court December 16, 1985. Defendant removed the case to federal

court by filing a petition for removal dated January 30, 1986. The jurisdictional basis asserted by defendant in removing the case to federal court is diversity of citizenship.

Plaintiff now brings this motion to remand the matter back to state court, on the ground that defendant's removal petition is defective. Plaintiff asserts, and defendant admits, that the petition inadequately alleges diversity of citizenship, in that (1) there is no allegation as to defendant's principal place of business at the time the state court complaint was filed, and (2) there is no allegation that diversity existed both at the time the suit was filed and at the time the removal petition was filed. While acknowledging that the removal petition is defective, defendant seeks the Court's leave to amend its petition to correct these pleading defects.

## DISCUSSION

In an original complaint as well as in a petition for removal, where jurisdiction is predicated on diversity of citizenship, it is incumbent upon the party asserting jurisdiction to plead the jurisdictional requisites. *Van Horn v. Western Electric Co.*, 424 F.Supp. 920, 922 (E.D.Mich.1977), *citing Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316, 317 (9th Cir.1969); *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 516 (E.D.Ky.1967). Moreover, some courts have stated that there is a presumption against federal jurisdiction, *Van Horn*, 424 F.Supp. at 922; *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974); *Evans-Hailey Co. v. Crane Co.*, 207 F.Supp. 193, 198 (M.D. Tenn.1962); *Walsh*, 264 F.Supp. at 515, and that there is a policy of strict construction in favor of state court jurisdiction. *Van Horn*, 424 F.Supp. at 922. *Winters Government Securities Corp. v. NAFI Employees Credit Union*, 449 F.Supp. 239

(S.D.Fla.1978) *citing Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill.1974); *Sun Oil Co. of Pa. v. Pa. Dept. of Labor & Industry*, 365 F.Supp. 1403 (E.D.Pa. 1973); *Crawford v. Fargo Manufacturing Co.*, 341 F.Supp. 762 (M.D.Fla.1972).

The removal statute, 28 U.S.C. § 1441(b), provides that civil actions not arising under the Constitution or other federal law "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Accordingly, a petition for removal predicated on diversity of citizenship "should show that there was diversity ... at the the time of the commencement of the state action and ... at the time of the removal petition." 1A Moore, *Moore's Federal Practice* ¶ 0.168(.3–4) at 565. *See also* 14A C. Wright & A. Miller, *Federal Practice and Procedure: Jurisdiction* § 3733 at 372. In addition, because a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business, 28 U.S.C. § 1332, an allegation of corporate citizenship in a removal petition should reflect both the corporation's state of incorporation and its principal place of business.[1] *Kingman v. Sears, Roebuck and Co.*, 526 F.Supp. 1182, 1184 (D.Maine 1981); 14A C. Wright & A. Miller, *Federal Practice and Procedure* § 3733 at 535 *citing Southern Ry. Co. v. Allison*, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078 (1903); *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299 (10th Cir.1968); *Wenger v. Western Reserve Life Assur. Co. of Ohio*, 570 F.Supp. 8 (M.D.Tenn.1983); *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.*, 486 F.Supp. 769 (E.D.Ky.1980); *Fort v. Ralston Purina Co.*, 452 F.Supp. 241 (E.D. Tenn.1978); *Winters Government Secs. Corp. v. NAFI Employees Credit Union*, 449 F.Supp. 239 (S.D.Fla.1978).

---

1. This latter requirement is particularly important in light of the fact that Congress purposefully used the conjunctive "and" in defining the citizenship of a corporation, thereby permitting a corporation to be a citizen of more than one state. Many courts have recognized that subsection (c) of section 1332 (making a corporation a "citizen" of every state in which it is incorporat-

ed) was "clearly designed to make corporations less amenable to suit in federal court on the basis of diversity of citizenship." *Van Horn*, 424 F.Supp. at 922; *Kelly v. United States Steel Corp.*, 284 F.2d 850 (3d Cir.1960); *Walsh v. American Airlines*, 264 F.Supp. 514 (E.D.Ky. 1967).

In the case at bar, plaintiff asserts, and defendant does not dispute, that defendant's removal petition is defective. While admitting the existence of these pleading defects defendant asserts that complete diversity is present. Accordingly, defendant seeks leave of the Court to amend the petition.

The question whether leave to amend a removal petition may be granted after the 30-day period for filing the petition has lapsed is one which has split the courts. Generally, removal must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first. 28 U.S.C. § 1446(b). While the time limitation imposed by section 1446(b) is not jurisdictional, *Northern Ill. Gas Co. v. Airco,* 676 F.2d 270, 273 (7th Cir.1982), it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived. *Northern Illinois,* 676 F.2d at 273. During this 30-day period leave to amend the petition is freely granted, 14 C. Wright & A. Miller, *Federal Practice and Procedure* § 3733 at 537 (collecting cases). Where the defendant seeks to amend the petition to cure defects after the 30-day period has lapsed, however, the courts are split.

Courts adhering to a "strict" construction of 28 U.S.C. § 1653, which provides "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," have interpreted section 1653 as applying only where "the amendment is one to cure technical defects or to amplify the allegations of the petition." *Van Horn,* 424 F.Supp. at 924, *citing Young v. Railway Express,* 209 F.Supp. 953 (W.D.Ky.1962); *Evans-Hailey,* 207 F.Supp. at 198; *Walsh,* 264 F.Supp. at 516. In contrast, a liberal construction of section 1653 would permit amendment whenever the defendant has made in the removal petition a mere averment that diversity exists. *See, e.g., Jackson v. Metropolitan Life Insurance Co.,* 433 F.Supp. 707 (E.D. Ky.1977); *Powell v. Sterling Drugs, Inc.,*

455 F.Supp. 369 (E.D.Mich.1978); *Hendrix v. New Amsterdam Casualty Co.,* 390 F.2d 299 (10th Cir.1968).

On balance, the Court finds that liberal amendment of removal petitions is more consonant with the underlying philosophy and purposes of section 1653 and the federal rules of pleading. The great weight of recent authority supports the liberal view. *See, e.g.,* 14A C. Wright & A. Miller, *Federal Practice and Procedure* § 3733 (collecting cases); *Stanley Contractors,* 486 F.Supp. at 773. In addition, Rule 15(a) of the Federal Rules of Civil Procedure (made applicable to removal actions by Fed.R. Civ.P. 81(c)) provides that "leave [to amend] shall be freely given when justice so requires." Amendments to removal petitions should be subject to the same liberal rules employed in testing the sufficiency of other pleadings. *See* 14A C. Wright & A. Miller, *Federal Practice and Procedure* § 3733 at 536. The Court also notes that Rule 1 of the Federal Rules provides that procedural rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." *See* Fed.R. Civ.P. 1. In cases where proceedings in the federal court have advanced substantially, permitting amendment obviates the "great and needless waste of judicial time and effort, real prejudice to the parties, and severe injustice" which would result from remand. *See Stanley Contractors,* 486 F.Supp. at 773.[2] Finally, as courts and commentators have recognized, to deny defendants an opportunity to amend where no colorable claim exists that diversity is lacking would be "too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Barrow Development Co. v. Fulton Insurance Co.,* 418 F.2d 316, 318 (9th Cir.1969); 14A Wright & Miller § 3733 at 540–41.

2. For example, in *Roseberry v. Fredell,* 174 F.Supp. 937 (E.D.Ky.1959), a case was remanded when one of the parties pointed out a technical defect in the removal petition, with the result that the case had to be retried in the state court.

Perhaps most significantly, permitting amendment in the case at bar would cause no prejudice to plaintiff. There is no dispute that diversity does exist in this case. Nor can plaintiff claim surprise that this case is one cognizable under the federal court's diversity jurisdiction, since his complaint clearly sets forth the diverse citizenship of the parties. The absence of prejudice to the plaintiff has been considered by the courts to be a strong factor favoring liberal amendment. *See, e.g., Kentucky Solar Energy Controls, Inc. v. American Borate Co.,* 497 F.Supp. 555 (E.D.Ky.1980).

Based on the foregoing, and upon review of all the files, records, and proceedings in this matter,

IT IS ORDERED that:

1. plaintiff's motion to remand is denied;

2. defendant's motion for leave to amend the removal petition is granted. Defendant will be granted ten days from the date of this order in which to amend the petition.