**Samuel HILL, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 86–6771–Civ–Zloch.**

United States District Court, S.D. Florida, N.D.

Jan. 27, 1987.

Jon E. Krupnick, Fort Lauderdale, Fla., for plaintiff.

Stephen Smith, III, Miami, Fla., for defendant.

### FINAL ORDER OF REMAND

ZLOCH, District Judge.

THIS MATTER is before the Court, sua sponte, and upon the Petition For Removal (DE 1) filed herein by the Defendant, General Motors Corporation, for removal of the above-styled cause to the United States District Court, Southern District of Florida, and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed the court file and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Petition For Removal (DE 1) filed herein by the Defendant, General Motors Corporation, be and the same is hereby DENIED.

On August 14, 1986, this Court entered a Final Order of Remand in Case No. 86–6611–CIV–ZLOCH, which remanded this matter to state court because (1) the requisite jurisdictional amount was not apparent on the face of the Complaint, (2) the requisite diversity of citizenship as to Plaintiff and Defendant was not apparent on the face of the Complaint, and (3) the Complaint lacked any allegation regarding the state of the principal place of business of the Defendant, General Motors Corporation.

> 28 U.S.C. Section 1446(b) states in part: The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in a court and is not required to be served on the defendant, whichever period is shorter.

In Paragraph 5 of Defendant's Verified Petition For Removal (DE 1), Defendant

states that: "Plaintiff originally served his Complaint on July 15, 1986." Therefore, August 14, 1986 was the final day for filing a Petition For Removal under the provisions of the statute.

Defendant, General Motors Corporation, did not file a Motion or Petition to Amend its original Verified Petition For Removal in Case No. 86–6611–CIV–ZLOCH within the 30–day time period set forth above.

Defendant, General Motors Corporation, filed its second Verified Petition For Removal in the instant case on September 25, 1986, which is 72 days after the service of initial process upon the Defendant, General Motors Corporation. In its second Verified Petition, Defendant attempts to "supply" the mandatory jurisdictional allegations which are missing from the face of Plaintiff's Complaint, the absence of which formed the basis of the original remand of this matter in Case No. 86–6611–CIV–ZLOCH.

■ Statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. *Owen Equip. & Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

The reasons stated for strict construction of the removal statute are: (1) The exercise of removal is in derogation of state sovereignty; (2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; (3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; (4) 28 U.S.C. Section 1446(b) is a statute of repose designed not to unduly delay trials. *Richmond, F. And P.R. Co. v. Intermodal Services, Inc.*, 508 F.Supp. 804, 806–807 (E.D.Va.1981).

As the Court in *Richmond, F. And P.R. Co.* has stated:

The view of strict construction (concerning the amendment of jurisdictional allegations in removal petitions after the expiration of the 30–day removal period) holds that all statutory requisites of diversity jurisdiction must be alleged at least imperfectly in the original petition for removal, otherwise the petition may not be amended after expiration of the 30–day period.

*Id.*, at 805.

■ Strict construction of the Rule not permitting amendment of the removal petition after the expiration of the 30–day removal period was well stated by the Court in *F. And L. Drug Company v. American Central Insurance Company*, 200 F.Supp. 718 (D.C.Conn.1961):

But where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded. (Citations omitted)

. . .

An absence of an allegation cannot be regarded as an allegation defective in form. Here, the defendant does not seek to amend an allegation; it seeks to introduce one not heretofore made. *Id.*, at 722.

The Court finds that in filing its Second Verified Petition For Removal in the instant case, the Defendant, General Motors Corporation, is attempting to in effect amend its original Verified Petition For Removal to include mandatory and essential jurisdictional allegations which were not made in the original Verified Petition For Removal.

This is not a situation where a jurisdictional allegation was erroneously made through inadvertence or failure to plead sufficient facts to satisfy a jurisdictional allegation. Rather, this case typifies those cases where a jurisdictional allegation is completely lacking and, thus, for this Court to permit an amendment to the Petition For Removal, would not do justice to the requirements set forth in 28 U.S.C. Section 1446(b). In other words, this is a case where the jurisdictional allegation is "so defective as to be incurable."

*Van Horn v. Western Electric Company*, 424 F.Supp. 920, 925 (E.D.Mich.1977), citing *Kinney v. Columbia Savings and*

*Loan,* 191 U.S. 78, 80, 24 S.Ct. 30, 31, 48 L.Ed. 103 (1903).

The Court adopts the reasoning of the Court in *Van Horn* when it stated:

When the defendant removed this case, the Court did not acquire jurisdiction, since jurisdiction was not properly alleged. To permit defendant to now amend its Petition For Removal to include a new and proper allegation of jurisdiction would, in effect, allow defendant to vest in this Court removal jurisdiction more than 30 days after service and receipt by the defendant of the Complaint. This the Court cannot permit. *Id.,* at 925.

See also, *Outdoor World Corporation v. Richard W. Calvert,* 618 F.Supp. 446 (E.D. Va.1985).

" . . . a petition for removal that fails to contain an allegation of a defendant corporation's dual citizenship is defective." 14A Wright, Miller & Cooper, *Federal Practice and Procedure,* Civil Section 3733 at 533–535 (1985).

The Court notes that pursuant to 28 U.S.C. Section 1447(c), this Court may, sua sponte, review this matter "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . ."

Accordingly, the above-styled cause is REMANDED to the state forum for further proceedings.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 86–17660 CB.